COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Clements
Argued at Richmond, Virginia


JAMES M. HEGEDUS

                                     MEMORANDUM OPINION[*] BY
v.    Record No. 2732-00-3        JUDGE JEAN HARRISON CLEMENTS
                                        OCTOBER 30, 2001
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF BUENA VISTA
                   Humes J. Franklin, Jr., Judge

        H. David Natkin for appellant.

        Kathleen B. Martin, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     James M. Hegedus was convicted in a bench trial of driving

under the influence of alcohol, a misdemeanor, in violation of

Code § 18.2-266.  The sole issue on appeal is whether the trial

court erred in admitting into evidence the certificate of breath

analysis where the machine used to measure the alcohol content of

Hegedus' breath had not been calibrated in strict compliance with

the regulations established by the Department of Criminal Justice

Services, Division of Forensic Science.  Finding no error, we

affirm the conviction.

     As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

value, this opinion recites only those facts and incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

The evidence is before us on an agreed statement of facts. On April 3, 2000, Officer Darrell M. Slagle, of the Buena Vista Police Department, clocked Hegedus travelling forty-three miles per hour in a twenty-five mile-per-hour zone. Officer Slagle stopped Hegedus and subsequently placed him under arrest for driving under the influence of alcohol in violation of Code § 18.2-266.

Thereafter, Officer Slagle administered a breath-analysis test to Hegedus using the Intoxilyzer 5000 machine. The officer conducted the test in accordance with the training he had received for the Intoxilyzer 5000 machine. Pursuant to that training, the validation test of the machine was performed before, rather than after, Hegedus gave a sample of his breath. Upon completion of the breath-analysis test, the machine showed that Hegedus had a blood alcohol content of ".09 grams per 210 liters of breath."

The only issue before us on appeal is Hegedus' claim that the trial court erred in admitting the certificate of breath analysis into evidence because, although the subject breath test was performed in accordance with the officer's training for the Intoxilyzer 5000, the test was not conducted in strict compliance

-

with administrative regulation 1 VAC 30-50-90(C),[1] which required that the validation test of the machine be performed immediately after, rather than before, the breath sample is given.

We addressed the same issue in Rollins v. Commonwealth, ___ Va. App. ___, ___ S.E.2d ___ (2001), decided this day. In that case, Rollins argued, like Hegedus, that the operator's failure to conduct the validation test of the Intoxilyzer 5000 machine immediately after the breath analysis, as specifically required by 1 VAC 30-50-90(C), rendered the certificate of breath analysis inadmissible. We held, however, that, because the breath-test methods set forth by the Department of Criminal Justice Services, Division of Forensic Science in 1 VAC 30-50-90 were procedural, rather than substantive, in nature, substantial, rather than strict, compliance with those methods was sufficient. Id. at ___, ___ S.E.2d at ___. We further concluded that the trial court properly admitted the certificate of breath analysis into evidence, because the Intoxilyzer 5000 machine operator in that case, "having administered the breath-analysis test to Rollins in accordance with 1 VAC 30-50-90(A), substantially complied with the breath-test methods approved by the Department of Criminal Justice Services, Division of Forensic Science." Id. at ___, ___ S.E.2d at ___.

------

[1] Although applicable to this case, 1 VAC 30-50-90 has since been amended and renumbered as 6 VAC 20-190-110(3).

-

The same reasoning and conclusions are equally applicable here.  Thus, for the reasons more particularly stated in <u>Rollins</u>, we affirm Hegedus' conviction.

<u>Affirmed.</u>

-